BOSTON SAFE DEPOSIT & TRUST CO. *vs.* ASSESSORS OF
TAXES OF PROVIDENCE.

PROVIDENCE—JANUARY 4, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *Taxation.   Petition   for   Relief.   Return   of   Ratable   Estate.   Officer
Authorized to Make Return.*

By-laws of a corporation defined the duties of the president as follows:
"It shall be the duty of the president to . . . at all times exercise
such general direction and supervision of the business of the company
as its interests and security may require." "In all cases where the du-
ties of the subordinate officers and agents of the company are not specifi-
cally prescribed by the by-laws or by vote of the directors, such officers
and agents shall obey the orders and instructions of the president."
The president of the company presented to the assessors of taxes an ac-
count of the taxable property held by it, and made oath to it before one
of them:—

*Held,* ·that the president was the appropriate instrument of the company
to make the return.

PETITION for relief under provisions of Gen. Laws cap. 46,
§§ 15 and 16.   Heard on petition of plaintiff for new trial, and
petition granted.

DOUGLAS, J.   The petitioner is a corporation established
under the laws of Massachusetts and located in Boston.   It is
the owner, as trustee under the will of Orray A. Taft, of two
lots of land situated on Charles Field street, in Providence.
In June, 1902, at the time prescribed by the assessors of taxes,
the president of the company presented to them an account of
the taxable property thus held, and made oath to the same be-
fore one of them.   Notwithstanding this account, the assessors
placed a larger valuation upon the property in their assessment
for that year than the account estimated it at, and the com-
pany duly brought its petition for relief from overtaxation
under the provisions of sections 15 and 16 of chapter 46 of the
General Laws.   At the trial in the Common Pleas Division
objection was made to the introduction of this account in evi-
dence, on the ground that the president had no authority to
make it.   The petitioner offered in evidence a copy of its

charter and by-laws, and argued that under the provisions therein contained the president was authorized, *ex-officio*, to make such a return; but the court ruled that he must have been specially authorized by vote of the directors or of the executive committee, and, as the petitioner could not present any record of such vote, a nonsuit was granted. Exceptions having been duly taken to these rulings, the petitioner prays for a new trial, alleging that they were erroneous.

(1)   The statute requires every person and body corporate liable to taxation to bring in to the assessors, at a certain time, a true and exact account of all his ratable estate, specifying the value of every parcel thereof, etc.; and further provides that whoever neglects or refuses to bring in such account, if overtaxed, shall have no remedy therefor.

It was the duty, therefore, of the company, as trustee to those beneficially interested, to make the account, and necessarily the account must be sworn to by some one of the officers or by some duly authorized agent. The by-law defining the duties of the president, in our opinion, gives him sufficient authority. It appears as article V, and reads in part as follows:

"It shall be the duty of the president to preside at all meetings of the company and of the directors, and he shall at all times exercise such general direction and supervision of the business of the company as its interests and security may require.

"In all cases where the duties of the subordinate officers and agents of the company are not specifically prescribed by the by-laws or by vote of the directors, such officers and agents shall obey the orders and instructions of the president" . . .

It thus appears that the president is not merely a presiding officer at the meeting of the corporation or the board of directors, but the chief executive officer of the company, charged not only with the oversight but also with the direction of all its affairs. If any officer of the company is its appropriate instrument to make such a return, it would seem to be the president.

In the charter of the corporation he is designated as one of the officers to attest a return of funds held in trust to be used

as a basis for taxation by the State of Massachusetts. The charter provides as follows:

"Sec. 9. Said corporation shall annually, between the first and tenth days of May, return to the tax commissioner a true statement, attested by the oath of the president, treasurer, or actuary of the corporation, of all personal property held upon any trust on the first day of May," etc., etc.

The officer designated by law to make this return in Massachusetts is plainly the proper officer to make the similar account here. The respondents claim that the executive committee is particularly charged by the by-laws to see that the duties of the company as trustee are faithfully executed. We do not see that this provision requires the committee to make and swear to this account, or that it deprives the president of the power to perform these functions. The most that can be said is that the oversight by the committee and by the officer is expected to be concurrent and harmonious.

The respondents' counsel refer to the case of *Narragansett Pier Co.* v. *Tax Assessors*, 17 R. I. 452, but the implication of that decision is rather in favor of the petitioner. It decided that an account sworn to by the president of the corporation before a notary public in the city of New York could not be accepted, not because the president lacked authority to make it, but because the statute required that the account should be sworn to before one of the assessors; and, secondly, because no special authority was shown to the attorney-at-law of the corporation to swear to the account. It was not held that any special authority was necessary to the officer of the corporation to perform an act naturally within the scope of his duty.

The by-law considered in the case *N. Y., N. H. & H. R. R. Co.* v. *Smith*, 20 R. I. 134, was of similar purport to that under consideration, so far as the power of the president to prescribe the duties of the various officials was concerned, and it was held that his authority to an agent to make oath to an account of taxable property before the assessors was sufficient.

As we are of opinion that the president was *ex-officio* authorized to make the account in question, it is not material to consider the exceptions to the rejection of oral evidence that he

had special authority. We may refer, however, to *Lonsdale Co.* v. *License Commissioners*, 18 R. I. 5, 9, where the general manager of a railroad was allowed to testify as to his powers and duties.

The petition for a new trial is granted, and the case will be remitted to the Common Pleas Division for further proceedings.

*Doran & Flanagan*, for petitioner.

*Francis Colwell and Albert A. Baker*, for respondents.